70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SCHNEIDER NATIONAL, INCORPORATED; Schneider Transport,
Incorporated; Schneider National Carriers, Incorporated;
Schneider Tank Lines, Incorporated; Schneider Specialized
Carriers, Incorporated; Schneider National Fleet Services,
Incorporated; and Schneider National Bulk Carriers,
Incorporated; Petitioners-Appellants,
v.
INTERSTATE COMMERCE COMMISSION, and United States of
America, Respondents-Appellees.
 No. 95-1941.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1995.*
Decided Nov. 6, 1995.
 
 Before CUMMINGS, WOOD, Jr. and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Schneider National, Inc., and six of its wholly-owned affiliates (collectively, "Schneider"), appeal the decisions of the Interstate Commerce Commission ("ICC") denying various petitions filed by Schneider and compelling Schneider to fulfill the ICC's accounting and reporting requirements.
 
 
 2
 The general issue underlying this appeal is before us now for the second time. In Schneider Nat'l, Inc. v. ICC, 948 F.2d 338 (1991), this court reviewed the ICC's September 12, 1990 order which denied Schneider's petition for reinstatement of certain exemptions; these exemptions had previously freed Schneider from the ICC's accounting and reporting requirements. We upheld the ICC's decision after concluding that it was not arbitrary or capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. Sec. 706(2)(A).[1]
 
 
 3
 In the current action, Schneider takes a different tack and primarily argues that, by seeking to publicly disclose Schneider's commercial or financial information, the ICC has violated 5 U.S.C. Sec. 706(2)(C).[2] Schneider alleges that this information is "privileged or confidential" within the meaning of 5 U.S.C. Sec. 552(b)(4).[3] The facts relevant to this matter were detailed in our previous opinion; we need not restate them here.
 
 
 4
 We note that Schneider has partially complied with the ICC's decisions by filing three fragmentary quarterly reports; Schneider has, however, wholly refused to file the required annual reports. The annual reports, which have been recently simplified, require carriers to supply: (1) a completed balance sheet; (2) income information; (3) operating expenses; (3) operating statistics; (4) information regarding the property owned by the carrier; and (5) basic employment and compensation data. As the ICC points out in its brief, this information is too general to reveal marketing strategies, trade secrets, particularized information pertaining to Schneider's customers, or any other competitively sensitive data.
 
 
 5
 The ICC found that Schneider's bare bones assertion of confidentiality was insufficient, under these circumstances, to call into play the concerns addressed by 5 U.S.C. Sec. 552(b)(4). We find that this conclusion is neither arbitrary or capricious nor reached in excess of the ICC's statutory authority. 5 U.S.C. Sec. 706(2)(A) and (C). Schneider has failed to introduce any specific evidence that it is likely to suffer substantial competitive injury through its compliance with the ICC's accounting and reporting requirements. See General Elec. Co. v. United States Nuclear Reg. Comm'n, 750 F.2d 1394, 1398 (7th Cir.1984) (citations omitted).
 
 
 6
 We have also reviewed Schneider's other contentions and found them to be without merit. Accordingly, for the reasons set forth above, we affirm the decisions of the ICC.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively decided that its decisional process would not be significantly aided by oral argument. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The Respondents-Appellees have filed such a statement. Upon consideration of that statement, the court has concluded that additional oral argument is not needed; this same panel heard oral argument on an earlier appeal. See Operating Procedure 6(b)
 
 
 [1]
 Additionally, we held that we lacked jurisdiction to review the ICC's June 13, 1989 order which initially revoked Schneider's exemption because Schneider had failed to timely appeal this order. See 28 U.S.C. Sec. 2344. We also held that we lacked jurisdiction to review the ICC's November 2, 1990 order which rejected Schneider's petition to reopen its previous denial of reinstatement of the exemptions. Such a decision to deny reconsideration is committed to agency discretion and is thus unreviewable under the APA, 5 U.S.C. Sec. 701(a)(2)
 
 
 [2]
 Section 706 provides the scope of review to be employed by the courts in reviewing agency action. Section 706(2)(c) states:
 The reviewing court shall--
 ....
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
 ....
 (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right....
 
 
 [3]
 Section 552(b) lists certain exceptions to an agency's general Sec. 552(a) duty to make information within its purview available to the public. Pertinent to our review, an agency may not make available to the public information which constitutes "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. Sec. 552(b)(4)